UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| RICHIE E. MAYES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-366-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| LEXINGTON POLICE DEPT., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Richie Mayes is confined at the Fayette County Detention Center in Lexington, Kentucky. Proceeding without an attorney, Mayes has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. [Record No. 1]

The Court conducts a preliminary review of Mayes's Complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. Any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from relief must be dismissed. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Mayes's Complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

## I.

Mayes alleges that he was falsely detained, falsely arrested and unlawfully imprisoned by Defendant Office Delimpo of the Lexington Metro Police Department on October 29, 2014. [Record No. 1 at p. 1-2] Mays claims that he was on his way to work when Office Delimpo and five other unknown Lexington Metro officers wrongfully arrested him at a bus stop down the street from his home for possessing burglary tools. [Record No. 1 at p. 2] He states that the tools were for his work at Altec. [*Id.*] Mays further alleges that he was also charged and arrested for "Burglary 2d" of his own home. [*Id.*]

According to Mays, the case was dismissed by a grand jury on December 15, 2014. [Record No. 1 at p. 1-2] Mays seeks damages for pain and suffering, lost wages, mental anguish, the loss of his job, and health issues that he claims were related to the distress, as well as his detention. [Record No. 1 at p. 3] Mays seeks $2,000,000 in damages, plus punitive damages of $1,000.00 per day for each day he was in custody. [*Id.*]

## II.

Mayes has named the "Lexington Metro Police Department" as a defendant. However, it is a municipal department and not a legal entity capable of being sued. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 905 F.Supp.2d 747, 749 (E.D.Ky. 2012). But even construing Mayes's claim as one against the Lexington-Fayette Urban County Government, he makes no allegation that the

practices that are the subject of his claims are the product of a municipal policy or custom. As a result, he fails to state a claim for relief against the municipality. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Thus, the Court will dismiss the "Lexington Metro Police Department" as a defendant in this action. *Watson v. Gill*, 40 F. App'x 88, 90 (6th Cir. 2002).

Mayes's § 1983 claims must be dismissed against all defendants because they are time barred. "The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). In Kentucky, an action for injury to the person, malicious prosecution or arrest must be brought within one year after the cause of action accrues. KRS § 413.140(1)(a), (c). *See also Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009) (holding that Kentucky's one year statute of limitations period applies to § 1983 actions).

Although the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson*, 510 F.3d at 635 (citing *Kuhnle Bros., Inc.*, 103 F.3d at 519). *See also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.") (emphasis in original). Generally, federal law prescribes that accrual occurs "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain

relief.'" *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

"State law claims for false arrest and false imprisonment, which constitutes a single cause of action in Kentucky when law enforcement is involved, as well as assault and battery arising out of an arrest, generally accrue at the time of the arrest." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 594 U.S. at 397. Thus, the statute of limitations for Mayes's claims that he was falsely detained, falsely arrested and unlawfully imprisoned began to run at the time of his arrest or, at the latest, when he was detained. *Fox*, 489 F.3d at 233 ("A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest," and "a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends.").

Mayes alleges that he was detained on October 29, 2014. Thus, his § 1983 claims for false arrest, false detention, and unlawful imprisonment all accrued on October 29, 2014. Mayes did not file his Complaint in this case until September 22, 2016, well after the one-year statute of limitations governing his claims expired in October 2015. [Record No. 1]. Accordingly, Mayes' claims are time-barred and are subject to dismissal. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Where the applicability of a statute of limitations bar is plain from the face of the complaint, the claim is subject to *sua sponte* dismissal. *Cf. Jones v. Bock*, 549 U.S. 199,

215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Baker v. Mukaskey*, 287 Fed.Appx. 422, 424-25 (6th Cir. 2008); *Castillo v. Grogan*, 52 Fed.Appx. 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

### III.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. The claims asserted in Plaintiff's Complaint [Record No. 1] are **DISMISSED WITH PREJUDICE**.

2. A corresponding Judgment will be entered this date.

This 28th day of June, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge